UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE PRICE, | No.  2:26-cv-0840 AC P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| L.M. RUIZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

The complaint appears to name as defendants over 180 individuals, as well as the California Department of Corrections and Rehabilitation (CDCR) and the city of Soledad.  ECF No. 1.  It appears that all of the individual defendants are employed at Salinas Valley State Prison in Soledad, California, where plaintiff alleges the violations occurred.  Id.

The federal venue statute provides that

[a] civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

1

(3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue."  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted).  In this case, such a transfer appears proper.

The conduct alleged to have violated plaintiff's rights appears to have occurred exclusively at Salinas Valley State Prison, which is located in Monterey County, which is in the Northern District of California.  Furthermore, the CDCR—which appear to be the only defendants located within the Eastern District of California—is not a proper defendant, leaving only defendants located within the Northern District.  See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").  It therefore appears that this action should proceed in the United States District Court for the Northern District of California and plaintiff must show cause in writing why this case should not be transferred to the Northern District Court.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, plaintiff must SHOW CAUSE in writing why this case should not be transferred to the United States District Court for the Northern District of California.  If plaintiff does not object to this case being transferred he may file a notice consenting to the transfer.

DATED: March 16, 2026

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE